UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

01 JAN 11 AM 9 41

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 00-6259-CR-DIMITROULEAS |
| ) | |
| GARY D. HERTZ, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY TO PROBATION OFFICE'S RESPONSE TO HIS NOTICE OF REQUEST FOR DOWNWARD DEPARTURE PURSUANT TO USSG §5K2.20 AND NOTICE OF FILING ADDITIONAL LETTERS OF SUPPORT

The Defendant, Gary D. Hertz, through undersigned counsel, hereby files this Reply to the U.S. Probation Office's Revised Presentence Report, dated January 5, 2001, which includes an Addendum responding to Defendant's Request for a downward departure, and files additional letters of support for the Defendant which are addressed to the Court. (Attachment A.)

The Probation Office agrees that Mr. Hertz was subject to significant stressful circumstances in 1999, at the time of this offense, citing his failing marriage and failing businesses. Moreover, it appears to acknowledge that Mr. Hertz's resort to the viewing pornography was a response to those significant stresses. It concludes, however, that a downward departure is not warranted as his "actions cannot be described as spontaneous and thoughtless." However, that is not part of the test for what constitutes aberrant behavior under the Sentencing Guidelines. Indeed, in adopting the departure for aberrant behavior, the Sentencing Commission specifically rejected the approach of those circuits which required that



to qualify as aberrant behavior the conduct must appear spontaneous and thoughtless. The Commission regarded that test as "overly restrictive." As the Commission states in the Commentary to the Application Note:

> . . . the amendment defines and describes "aberrant behavior" more flexibly than the interpretation of existing guideline language followed by the majority of circuits that have allowed a departure for aberrant behavior only in a case involving a single act that was spontaneous and seemingly thoughtless. The Commission concluded that this application of the current language in Chapter One is overly restrictive and may preclude departures for aberrant behavior in circumstances in which such a departure may be warranted.

Instead of that approach, the Commission defines aberrant behavior, in part, as conduct "that was committed without significant planning." Here, Mr. Hertz's conduct was without significant planning. It was an escape and was engaged in by him precisely because it requires so little effort. There is, in fact, nothing about this crime which requires planning. All that is involved is sitting in front of a computer and opening the sites which show these materials. These sites contain links to others. Thus, once the first site is opened it leads to other sites, so there is no effort involved in searching. And, once a site is found, it can easily be returned to and accessed again. In sum, the very nature and appeal of this conduct was that it was so mindless.

The Probation Office does commend Mr. Hertz for seeking mental health and drug counseling and for accepting responsibility for his actions. It argues, however, that he had several months to reflect on his actions and should have sought counseling sooner for his problems, rather than continue to rely on the pornography as a means of coping with them. In fact, Mr. Hertz did want to enter therapy several months earlier. He raised this with his wife as a

means of dealing with their problems, proposing either that they go into therapy together or that he start therapy by himself. However, she objected to either course, taking the position that she did not need therapy (she was herself a therapist) and that if he entered therapy he would only be advised to end the marriage, which she did not want. Mr. Hertz was, at that point, without the psychological strength to overcome her objections and, thus, did not begin therapy. He now recognizes that he should have done so; but there is nothing about that failure which renders him ineligible for this departure.

The Probation Office does not disagree that this conduct was a "marked deviation" from the Defendant's otherwise law-abiding life. This is a single episode in a life which is otherwise characterized by hard work, decency and honesty. This conduct is even an aberration from Mr. Hertz's life while it was taking place. During this same time, he continued to fulfill his obligations to his family to the best of his abilities. He continued during this same period to struggle to keep his business afloat and to meet all of his commitments.

The letters attached hereto only reinforce that picture of Mr. Hertz. They are from colleagues and professionals with whom Mr. Hertz has worked for many years who respect him and have come to regard him as a friend as well. They are uniform in describing him as a person of decency and integrity. Together with the letters presented previously, they support the finding that this conduct was aberrational and show that he is worthy of this act of clemency.

It is undisputed that Mr. Hertz has conscientiously taken steps to solve his problems and has in good faith undertaken therapy and counseling. It is undisputed that he is making good progress in these efforts. A term of probation, or even a period of home confinement, would

permit him to remain in the community and complete these courses of treatment.

In conclusion, Gary Hertz requests that this Court grant a downward departure, pursuant to USCG §5K2.20, and sentence him to a term of probation, including as a special condition that he complete any therapy and counseling as may be required by the Probation Office, as well as any other special terms and conditions which the Court may deem appropriate.

                                          Respectfully submitted,

                                          MOSCOWITZ STARKMAN
                                          & MAGOLNICK
                                          Bank of America Tower, 37th Floor
                                          100 Southeast Second Street
                                          Miami, Florida 33131
                                          Telephone: (305) 379-8300
                                          Facsimile: (305) 379-4404

                                          By: *[signature]*
                                               Norman A. Moscowitz, Esq.
Date: January 10, 2001                                     Fla. Bar No. 0765643

### CERTIFICATE OF SERVICE

I hereby certify that the attached Defendant's Reply to the Probation Office's Response to his Motion for Downward Departure was served by first-class mail and facsimile this 10th day of January, 2001, upon AUSA Lawrence Bardfeld, Office of the United States Attorney, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, FL, 33394-3002 and U.S. Probation Officer Kathryn Gomez, 299 E. Broward Blvd., Rm. 409, Ft. Lauderdale, FL, 33301-1168.

                                              *[signature]*
                                              Norman A. Moscowitz

January 4, 2001

Michael R. Hanners, CPA
2 Westwood Road
Jamestown, RI 02835

Honorable William Dimitrouleas
United States Courthouse
299 East Broward Blvd.
Fort Lauderdale, Florida 33131

Re: Gary D. Hertz

Dear Judge Dimitrouleas;

I personally met Gary Hertz in 1989. Since then, I have come to know him quite well both personally and professionally. I consider Gary to be a close friend.

Gary is a warm, loving man with a friendly, outgoing personality. He truly is, as the saying goes, "salt of the earth," there to lend a helping hand at any opportunity. In the past Gary has taken care of our home, our pets and, on occasion, our children. We have always trusted him completely. At the same time, we have watched his two girls grow up to be wonderful young women. Gary has always been very proud of his daughters and speaks of them often. He seemed to be an ideal father, even when, after divorcing their mother, it became more difficult for him to remain an integral part of their lives. He never shirked his responsibilities and it is evident his daughters love him dearly.

On a professional level, though not a particularly good businessman, Gary is the most knowledgeable person I have ever met on the intricacies of the Medicare Cost Reimbursement program. He was, at times, taken advantage of by unscrupulous clients but was always ready to help those who treated him fairly. I know for a fact he spent countless hours working on projects for which he never billed either because he knew the client couldn't afford it or he felt a personal obligation to do more.

I am aware of the charges against Gary and that he is awaiting sentencing. I truly believe he deserves as lenient a sentence as possible. He is a good man who apparently got caught up in something perverse, perhaps due to tensions brought on by his failing business or other personal problems. There is no doubt in my mind he can be a very productive, law-abiding member of society.

Sincerely yours,

Michael R. Hanners

GARDNER, CARTON & DOUGLAS

1301 K STREET, N.W.
SUITE 900, EAST TOWER
WASHINGTON, D.C. 20005
(202) 408-7100
FAX: (202) 289-1504
INTERNET: gcdlawdc@gcd.com

WRITER'S DIRECT DIAL NUMBER

CHRISTOPHER L. WHITE
(202) 408-7148
cwhite@dcgcd.com

CHICAGO, ILLINOIS

January 5, 2001

*Via Facsimile*

Honorable William Dimitrouleas
United States Courthouse
299 East Broward Blvd.
Fort Lauderdale, FL 33301

    Re:    Gary D. Hertz

Dear Judge Dimitrouleas:

    I am pleased to serve as a reference for Mr. Gary Hertz in connection with the pending sentencing. I have known Mr. Hertz and have worked with him in a professional capacity for the last 12 years. As a partner in a Washington D.C. based law firm, I worked with Mr. Hertz in a collaborative manner serving the legal, financial and operational needs of numerous health care providers. During the course of our professional relationship, I developed an appreciation and respect for Mr. Hertz's technical skills and expertise. I have worked with Mr. Hertz in a variety of contexts, including contract negotiations, corporation reorganization and structure, personnel management matters, regulatory and legal compliance matters, administrative health care negotiation, litigation matters and general counseling matters. Mr. Hertz is an ethical man, an effective and articulate communicator, able to explain and apply technical and abstract regulatory, accounting and financial concepts. He is a teacher and motivator, and has served honestly in a position of trust for numerous health care facilities. Mr. Hertz brought a very high degree of integrity, enthusiasm and energy to every matter in which we participated over our 12-year association. He places his clients interests above his own and adheres to high standards of business ethics.

    Since I first met Mr. Hertz in 1988, I have come to know Mr. Hertz and his family on a personal basis. He is an active, responsible and dedicated father, and a compassionate and nonviolent individual. He is hard working, reliable and his generosity supported the needs and interests of others, above his own needs.

GARDNER, CARTON & DOUGLAS

Honorable William Dimitrouleas
January 5, 2001
Page 2

    I hope this information is helpful. Please do not hesitate to contact me with any further questions you may have. I would be happy to discuss the views expressed above or any other impressions or thoughts with you at your convenience.

                                      Very truly yours,

                                      Christopher L. White

DC01/352275.1

Honorable William Dimitrouleas  
United States Court House  
299 East Broward Blvd.  
Fort Lauderdale, FL 33301

Thomas P. Beattie  
9720 SW 122 nd St  
Miami, Fl. 33176

January 4, 2001

Dear Judge Dimitrouleas

My name is Thomas P. Beattie. I am a stockbroker with The Partners Financial Group in Miami. I have known Mr. Gary Hertz and his family for 29 years. I have always known Mr. Hertz to be a hard working, honest, family loving man. I knew his first wife Cindy from Venezuela before his marriage. I also know his daughters. In all the years I have know them I found them to be loving caring people. I met Mr. Hertz' second wife Leslie about 2 years ago. I did not really get to know her but I did observe that my friend Gary was under a lot of pressure with the work load he had and I commented on several occasions that I thought he had to much going on. I understand that Mr. Hertz has been charged with a crime and is awaiting sentencing. All I can say is that I find this to be completely out of character with this man that I have known for so long. Although I am no psychologist I feel it must somehow be associated with tremendous work pressure and or his recent marriage.

Sincerely

*[signature]*

January 4, 2001

Carlos A. Rodriguez
1615 Cleveland St. Rear
Hollywood, FL 33020
954-927-9948

Honorable William Dimitrouleas
United States Courthouse
299 East Broward Blvd.
Fort Lauderdale, FL 33301

Re: Gary D. Hertz

Dear Judge Dimitrouleas:

I am Carlos A. Rodriguez, I am president and salesmen for a Home Health Nursing Software Development Company which specializes in Home Health Nursing automation. I first met Gary Hertz while I was working for the Broward County Visiting Nurse Association in Ft. Lauderdale. Gary was my boss at the time as well as he was the V.P. of Finance for the agency.

I was working for Broward Visiting Nurse Association when Gary was hired and this was back in 1987. My acquaintance with Gary has been for about 14 years. I have worked closely with Gary as my direct supervisor for a long time. I have had many enjoyable times with Gary on a professional and personal level. He has always been willing to give me good advice on all issues whether it has been for professional development or simply as a friend on a personal level I have a lot of respect for him.

Gary has always exhibited the integrity of a mature business and family man. I have had the pleasure of being a guest at Gary's home during dinner parties where his family has been present. I have always admired the bond between Gary and his family.

Gary Hertz is a very fun loving person who enjoys harmony between his friends and family. Gary has always demonstrated to me that the safety and well being of the immediate as well as the extended family (his friends) was very important to him and on several occasions he has been there for me during critical times in my life.

Gary is a gentle man who for the most part is so non-violent that during the breakup of his first marriage where most men would have lost they're temper, Gary simple brushed off the personal issues and maintained composure at all times regardless of the hardship being experienced in his personal life. I have met both of Gary's Daughters as well as both of his wives. I have also had the pleasure of meeting his mother.

In conclusion, I would recommend Gary Hertz as a friend or business associate to anyone because I trust him and know the he is a very good person.

*Carlos A. Rodriguez*
Carlos A. Rodriguez

Bonnie L. Willey
1021 South Park Road
Apt# 205
Hollywood, FL 33021

January 5, 2001

Honorable William Dimitrouleas
United States Courthouse
299 East Broward Blvd.
Fort Lauderdale, FL 33301

Subject: Mr. Gary D. Hertz

Dear Judge Dimitrouleas

My name is Bonnie L. Willey. I am the vice president of development for a medical and financial software company. I was previously an OB-GYN Nurse. I decided to return to school to obtain a degree in computer science. I completed several degrees, 1) Nursing, 2) Computer Science and 3) Biology.

I met Gary Hertz through a client of mine. Gary Hertz was working as the financial director of multiple Home Health Medicare Agencies which were converting to my software application. The initial installation occurred back in 1992. My interactions with Gary Hertz, at that time, were limited due to the fact that I was training the support staff.

Gary Hertz was instrumental in the development of the specific issues related to the needs of the entire organization. I would communicate with Gary Hertz as director of the projects I was working on and as a supervisor. Gary Hertz was courteous, generous, very competent, extremely knowledgeable in his field and a very decent person to work for.

As time has gone on, through the network of clients which are serviced by my organization, Gary Hertz has been very instrumental in successful installations. Gary Hertz has provided me with concise information regarding the government regulatory changes within the industry which have led to smooth transitions in development of the software to meet the industry demands.

On a personal level, I have had the opportunity of socializing with Gary Hertz on several occasions.

I would not hesitate to work with Gary Hertz at any time in the future. He is a good leader and a good friend. I consider Gary Hertz a valuable consultant in the Home Health Care industry.

*Bonnie L Willey*
Bonnie L. Willey